T.C. Summary Opinion 2001-1

UNITED STATES TAX COURT

LESLIE C. BOOTH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10359-99S.          Filed January 3, 2001.

Leslie C. Booth, pro se.

<u>Julie L. Payne</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's 1996 Federal income tax in the amount of $1,997.[1]

The sole issue for decision is whether petitioner is liable for a 10-percent additional tax under section 72(t)(1) on a $19,971.19 distribution from two individual retirement accounts (IRA's).

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Seattle, Washington.

In 1995, petitioner and Patricia M.L. Booth (Ms. Booth) were married. In 1996, petitioner was employed as a laborer in a longshoring yard with Northland Services, Inc. Petitioner individually owned two IRA accounts with Aetna Life Insurance & Annuity Co. (Aetna) prior to his marriage with Ms. Booth. Petitioner and Ms. Booth were divorced in 1998.

During 1996, petitioner testified that he withdrew the full amount of both IRA accounts at "my wife's order" so that Ms.

---

[1] The notice of deficiency was addressed to Leslie C. and Patricia M.L. Booth (Ms. Booth). However, Ms. Booth is not a party to this action.

Booth could remodel her home.[2]  Petitioner does not have a record of where the funds were transferred upon withdrawal.

Petitioner did not roll over the IRA amounts into another qualified employee retirement plan or individual retirement plan. He received two Forms 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRA's, Insurance Contracts, Etc., for the year 1996 reflecting the withdrawals from the IRA's.  The amounts withdrawn were reported on petitioner's and Ms. Booth's joint Federal income tax return. Although the amount of the distribution was reported on the return, the 10-percent penalty for early withdrawal was not reported.  Petitioner, who was born on November 15, 1956, was 40 years of age in 1996 when the withdrawals were made.

In a notice of deficiency, respondent determined a deficiency in the amount of $1,997.  This amount represented a 10-percent additional tax on IRA distributions pursuant to section 72.

Under section 408(d)(1), a distribution from an IRA is taxable to the distributee in the year of distribution in the manner provided under section 72.  Section 408(d)(3) provides an exception to the general rule for certain "rollovers" by the

---

[2]    The family home was Ms. Booth's separate property before marriage.  Upon marriage, petitioner became a joint owner of the home, and then upon divorce the home was awarded to Ms. Booth.

distributee; namely, where a distribution is paid to the distributee, and the distributee transfers the entire amount of the distribution to an IRA or an individual retirement annuity within 60 days of receipt.

Section 72(t)(1) provides for a 10-percent additional tax on distributions from qualified retirement plans. Section 72(t)(2) excludes qualified retirement plan distributions from the 10-percent additional tax if the distributions are: (1) Made on or after the date on which the employee attains the age of 59-1/2; (2) made to a beneficiary (or to the estate of the employee) on or after the death of the employee; (3) attributable to the employee's being disabled within the meaning of section 72(m)(7); (4) part of a series of substantially equal periodic payments (not less frequently than annually) made for the life (or life expectancy) of the employee or joint lives (or joint life expectancies) of such employee and his designated beneficiary; (5) made to an employee after separation from service after attainment of age 55;[3] or (6) dividends paid with respect to stock of a corporation which are described in section 404(k). A limited exclusion is also available for distributions made to an employee for medical care expenses. See sec. 72(t)(2)(B).

---

[3] This provision, codified at sec. 72(t)(2)(A)(v), is not applicable to premature IRA distributions. See sec. 72(t)(3)(A).

Petitioner's IRA's were qualified retirement plans. Petitioner did not roll over his IRA distributions and does not claim to fit within any of the statutory exceptions of section 72(t)(2). Petitioner testified that he was made aware at meetings provided by Aetna regarding his IRA accounts that there may be a tax because "you always have to pay taxes on something." Petitioner would have us consider his actions in light of his recent legal difficulties in the Washington State courts.

Petitioner has not contested on any specific ground respondent's determination that he is liable for a 10-percent additional tax on his 1996 IRA distributions. Since petitioner fails to qualify for any of the statutory exceptions under section 72(t)(2), we hold that petitioner is liable for the 10-percent additional tax on distributions from a qualified retirement plan for 1996 as provided in section 72(t)(1). Respondent is sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered for respondent</u>.